CARY v. SCHOHARIE VALLEY MACHINE COMPANY, appellant.

*Corporation — continuance of legal existence.*

A machine company was organized as a corporation with power to sue and be sued and the business of the company was conducted in the corporate name for the period of two years, at the end of which period the company voluntarily ceased to do business, and a new company was organized with larger capital and additional members for the same purpose and under the same name. *Held,* that the old company did not cease to have a legal existence and a stockholder could maintain an action against it in its corporate name to

Cary v. Schoharie Valley Machine Co.

recover for an error made in the settlement of the accounts of the company and for the amount paid after the settlement by such stockholder on a note given by the members of the company for money previously borrowed for the company and used in its business.

APPEAL by defendant from a judgment in favor of plaintiff.

The action was brought by John E. Cary against the Schoharie Valley Machine Company to recover for an error against plaintiff in settlement of accounts and for money loaned and advanced. The opinion states the facts.

*R. Brewster,* for appellant. As between the company and plaintiff the former did not exist as a corporation at the time of the commencement of this action. *Slee* v. *Bloom,* 19 Johns. 456 ; *Briggs* v. *Penniman,* 8 Cow. 391; *Bradt* v. *Benedict,* 17 N. Y. 93. Plaintiff could not maintain the present form of action as a partner. *Casey* v. *Brush,* 2 Cai. 293; *Murray* v. *Bogert,* 14 Johns. 318; *Cummings* v. *Morris,* 25 N. Y. 625.

*Mayham & Krum,* for respondent. The corporation was not dissolved. *Bank of Niagara* v. *Johnson,* 8 Wend. 645, 654; *People* v. *Manhattan Co.,* 9 id. 351, 382 ; *People* v. *Chatham Turnpike,* 23 id. 254–6 ; *Thompson* v. *N. Y. & Harlem R. R. Co.,* 3 Sandf. Ch. 626–52; *Matter of Reformed Pres. Ch. of N. Y.,* 7 How. 476; *Persse & Brooks' Paper Works* v. *Willett,* 19 Abb. 433; *N. Y. Marbled Iron Works* v. *Smith,* 4 Duer, 375; *Slee* v. *Bloom,* 5 Johns. Ch. 366; *Trustees of Vernon* v. *Hills,* 6 Cow. 23; *Mickles* v. *Rochester City Bank,* 11 Paige, 118, 127, 128.

BOCKES, J.    It is admitted by the pleadings, and it is also proved that the defendant, the Schoharie Valley Machine Company, was duly organized as a corporation pursuant to the laws of this State, with capability of suing and being sued in any court (Laws of 1848, chap. 40, and amendments), and that the business of the organization was commenced and was thereafter conducted in the corporate name for a period of two years, and until about February 13, 1872.    The company then voluntarily ceased to do business, and a new one was organized, with larger capital and additional members; but for the same purpose and under the same name. The first company turned over its property to the new organization and thereafter the business was conducted by such new company.

Cary v. Schoharie Valley Machine Co.

The plaintiff, who was a stockholder, and held stock in the first company, brought this action against that company, alleging an indebtedness by and on the part of such company to him; and on a trial before a referee, judgment was awarded in his favor.

It is now urged that the company had no legal existence after it ceased to do business in 1872, and that the plaintiff could not maintain this action against it in its corporate name. In this the appellant's counsel is, I think, under a mistake. There had been no action or proceeding relieving the company from its legal obligations as a corporation. The voluntary cessation of its business did not work a dissolution, so as to prevent the creditors of the company from prosecuting it in its corporate capacity and name, as a legal entity with a view to determine the amount of their just claims and to have judgments against it therefor. It is quite possible that action might also have been taken against the individual members with a view to charge them individually and personally under the statute, or to wind up the company and for an accounting; but the creditor had still his remedy at law against the company in its corporate name to recover his just demand against it. How the judgment, when recovered, could be collected or enforced is quite a different matter. If there be property owned and held by the company in its corporate name liable to seizure and sale under execution, there would be no difficulty; but if none, a remedy in equity would still remain, either to reach property improperly transferred, or to charge the stockholders personally, or for a dissolution of the company and an accounting, with a view to charge each with his just proportion of the debt. With these further or other rights and remedies, however, we have here no concern. This is a simple action at law by one claiming as creditor against a party capable in law of suing and being sued in this court; and for aught that appears, it had on the commencement of this action, and still has, legal existence, and must respond to the plaintiff's demand for relief. The fact that the plaintiff was, or is, a stockholder in the company does not deprive him of his right of action at law. In this respect, the case differs from a simple partnership, where the proceeding must be against the partners by name, and the judgment, if recovered, would be against them personally. The plaintiff had the right to bring the action, and to maintain it in manner and form as here presented. The record shows that he was allowed to recover for two items: one

of $90, growing out of an alleged mistake or error on settlement between the parties; the other of $86.67, money alleged to have been paid for and in behalf of the company.

As regards the first item of $90, the evidence is abundant, and it stands uncontradicted, that there was a mistake or error in the settlement of claims and demands between the parties, to the injury of the plaintiff to this amount. By reason of an erroneous entry in the books, the plaintiff was charged with $100 instead of $10. The proof is that the error occurred in transferring the charge from the blotter to the day-book and ledger; and the plaintiff testified that he discovered the error after the settlement. There was a clear right of recovery shown for this item.

I am of the opinion, also, that the item of $86.67 was properly allowed to the plaintiff. The members of the company had borrowed $1,300 for its use, and the money went into its business. They gave their joint and several note therefor, and thus became primarily and personally liable for its payment to the payee. The plaintiff paid on this note $86.67 from his own individual means and funds. This was subsequent to the settlement. Now, in legal effect, the makers of the note, the plaintiff being one of them, loaned the same to the company for the purpose of raising money for its use. Any money paid thereon by either would be so much money paid for its use. In this view, the plaintiff should recover against the company the amount paid by him on the note, as it was a payment for its benefit. According to the proof, if the claim rested on that alone, it might be urged that no liability was shown against the company, as it would not then appear that this payment was in fact made upon the note. The proof is that the payment was made, as evidenced by the receipt, to the other makers, instead of the holder of the note; but all difficulty, in this regard, is removed by the averment in the defendant's answer. It is there averred that the $86.67 mentioned in the complaint *was paid to the holder of the note.* And doubtless this was true, as the sum was placed in the hands of the other makers, or in the hands of Mr. Richard, the president of the company, to be so applied.

I am of the opinion that the record discloses no error, and the judgment should be affirmed, with costs.

*Judgment affirmed.*